IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:07-cr-0559-2-JAJ |
| vs. | |
| ANDRE L. WILLIAMS, | **ORDER** |
| Defendant. | |

This matter comes before the court pursuant to Defendant's July 13, 2009, *pro se* Motion to Return Seized Funds.  [Dkt. 463].  For the reasons set forth below, the court denies the Defendant's motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2007, the Davenport Police stopped a vehicle in which the Defendant, Andre L. Williams ("Williams"), was a passenger.  The police had observed Williams leaving 206 East 12th Street, a residence known by the police to be a crack house.  As he was leaving, the police saw Williams carry two black duffle bags out of the residence and place these bags in the trunk of a vehicle before entering.  The Davenport Police proceeded to stop this vehicle as it headed for the bridge to Illinois.  The officers told the driver and Williams that they had pulled the vehicle over because neither passenger was wearing a seat belt; however, both passengers assured the police that they were wearing seat belts at the time the vehicle was stopped.

The officers asked the driver for permission to search the vehicle and the driver granted the request.  While searching the vehicle, the police found a scale containing marijuana residue in the center console.  Upon searching the trunk, the police found $5,187 within one of the duffel bags that Williams had placed in the vehicle.  The police seized the money, believing it to be property which Williams possessed through illegal means.

Prior to March 27, 2007, the Davenport police had received information that Williams was distributing crack from the residence at 206 East 12th Street.  The police were also aware

that Williams did not have regular, full-time employment in 2007. Based upon this information, the Davenport police sought forfeiture of the $5,187. On July 11, 2008, the prosecuting attorney filed an application with the Iowa District Court for Scott County requesting that the property be forfeited. [Gov't Exhibit 1, p. 1]. The defendant identified as a person who may be interested in the forfeiture petition ut this record does not show whether or how he was served. On September 24, 2008, the court granted the application and Williams' money was forfeited to the State of Iowa.

On July 23, 2009, Williams filed a Motion to Return Seized Funds with the court. [Dkt. 463]. Williams argues that the seizure of his $5,187 was an abuse of his Fourth Amendment right against unreasonable searches and seizures. Furthermore, Williams asserts that he has not received a forfeiture slip from the United States Government and his attorney has not received any further information regarding the seized funds. The government responded to Williams' motion on September 23, 2009. [Dkt. 472]. In its response the government contends that because Williams' $5,187 was seized by the Davenport Police Department and forfeited to the State of Iowa, the United States never had possession of the seized funds. Therefore, the government argues that it cannot be ordered to return property which it never possessed.

## II.  CONCLUSIONS OF LAW

Federal Rule of Criminal Procedure Rule 41 states that a person "aggrieved by an unlawful search and seizure of property, or by the deprivation of property" may file a motion for the return of the property in the district where the property was seized. Fed. R. Crim. P. 41(g).  Rule 41(g) further compels a district court to afford the aggrieved party the opportunity to submit evidence on any factual issue necessary to decide the motion. Fed. R. Crim. P. 41(g).  However, a court may properly deny a motion to return seized funds if the property at issue is subject to forfeiture. U.S. v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002); Jackson v. U.S., 526 F.3d 394, 397 (8th Cir. 2008).  A court may also properly deny a 41(g) motion if the federal government does not possess the property at issue because the

government cannot be required to return property that it does not possess. <u>U.S. v. White</u>, 718 F.2d 260, 261 (8th Cir. 1983) (finding that the lower court properly denied a 41(g) motion because the county sheriff's office possessed the property at issue, not the federal government).

In this case, the federal government was never in possession of the $5,187.  The Davenport Police seized the money and the  Iowa District Court for Scott County ordered it to be forfeited to the State of Iowa.  At no point during this time did the federal government possess the funds, and the court cannot require the government to return funds that it never possessed.  Therefore, the Defendant's motion is denied.

Upon the foregoing,

**IT IS ORDERED**

That the Defendant's Motion to Return Seized Funds [Dkt 463] is denied.

**DATED** this 28th day of September, 2009.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA

3