IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  3:07-cr-0559-02-JAJ |
| Plaintiff, | |
| vs. | |
| ANDRE L. WILLIAMS, | |
| Defendant. | **ORDER** |

This matter comes before the court pursuant to a review of all crack cocaine sentences imposed by the court prior to the November 1, 2010 amendments to the Sentencing Guidelines relating to crack cocaine.   On November 1, 2011, those amendments were made retroactively applicable.  Accordingly, the probation office filed a memorandum in this matter on October 3, 2011, setting forth its tentative opinion as to whether the defendant was entitled to a sentence reduction.  The court now finds that he is not entitled to a sentence reduction.

Mr. Williams was convicted on February 28, 2008, following a jury trial, on Counts 1, 3, 4, and 7 of an 11 count indictment.  The presentence report attributed more than 4.5 kilograms to the defendant and accordingly assigned him a base offense level of 38.  He received a four level role adjustment.  At sentencing, drug quantity was a hotly disputed issue.  After hearing sentencing testimony and considering trial testimony, the court assigned a base offense level of 36 to the defendant, representing 1.5 to 4.5 kilograms of crack cocaine.  Following the November 1, 2010 amendments to the

Sentencing Guidelines regarding crack cocaine, level 36 is now associated with a drug quantity of between 2.8 and 8.4 kilograms of crack cocaine.  Accordingly, if the defendant's drug quantity exceeded 2.8 kilograms, he remains at a level 36 and is not entitled to a sentence reduction.  If his drug quantity is below 2.8 kilograms of crack cocaine, he is entitled to a two level decrease in his base offense level.

In resolving the credibility disputes necessary to find drug quantity at sentencing, the court stated the following:

> Based on the conflicting nature of the testimony, I find by [the] preponderance of the evidence that the defendant is responsible either personally or that it was reasonably foreseeable that it was somewhere in the neighborhood of the 1.5 to 4.5 kilograms of crack cocaine range. *As you get to the top end of that range, the 4.5 kilograms and above, that's where the testimony is conflicting enough that the Court is not comfortable saying that there was in excess of 4.5 kilograms that this defendant was personally responsible for.*

United States v. Williams, 3:07cr0559, Dkt. No. 429, p. 30 (emphasis added).  Here, the court was clearly indicating that it was finding the defendant responsible for the top end of the drug quantity associated with a base offense level of 36 and that it was only quantities in excess of 4.5 kilograms that the court did not feel comfortable finding by the preponderance of the evidence.  By finding the defendant responsible for a drug quantity at or near 4.5 kilograms of crack cocaine, the defendant remains at a base offense level of 36 and he is not entitled to a reduction in sentence.

Upon the foregoing,

**IT IS ORDERED** that the defendant's request for appointment of counsel [Dkt. No. 544] is denied.  The defendant's sentence will not be reduced by reason of the

November 1, 2010 amendments to the Sentencing Guidelines.

    **DATED** this 6th day of September, 2012.

_____
JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA